IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENESAS TECHNOLOGY CORP.,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>  -and-<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>  Defendants. | Civil Action Nos. 07-53 (JJF)<br><br>**JURY TRIAL DEMANDED** |

### NOTICE OF WAIVER OF SERVICE OF SUMMONS

Please take notice that on February 9, 2007, counsel for plaintiff, Renesas Technology Corp. ("Renesas"), served a Notice of Lawsuit and Request for Waiver of Service of Summons on defendant Samsung Electronics America, Inc. ("SEA"), a copy of which is attached at Exhibit A. SEA returned a Waiver of Service of Summons, dated February 12, 2007, signed by Bryan Hopkins, General Counsel and Vice President of SEA, a copy of which is attached as Exhibit B.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ John M. Seaman
Andre G. Bouchard (I.D. No. 2504)
John M. Seaman (I.D. No. 3868)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Plaintiff*
*Renesas Technology Corp.*

OF COUNSEL:

Christopher E. Chalsen
Michael M. Murray
James R. Klaiber
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: 212.530.5000
cchalsen@milbank.com
mmurray@milbank.com
jklaiber@milbank.com

DATED: February 27, 2007

# Exhibit

# A

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   (A) Bryan Hopkins,

as   (B) Vice President and General Counsel of (C) Samsung Electronics America, Inc.

105 Challenger Road
Ridgefield Park, New Jersey
Telephone: (201) 229-4000

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Delaware and has been assigned docket number (E) 07-53-JJF.

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—District
E—Docket number of action
F—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

1

I affirm that this request is being sent to you on behalf of the plaintiff, this 9th day of February, 2007.

*[signature]*

Andre G. Bouchard (#2504)
John M. Seaman (#3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3508

*Attorneys for Plaintiff*
*Renesas Technology Corp.*

OF COUNSEL:

Christopher E. Chalsen
Michael M. Murray
James R. Klaiber
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Direct: (212) 530-5000
Fax: (212) 530-5219

# Exhibit

# B

## WAIVER OF SERVICE OF SUMMONS

To:   Christopher E. Chalsen, counsel for Renesas Technology Corp.,

I, *Bryan Hopkins* (name), *GC & VP* (title) of (or for) Samsung Electronics America, Inc., acknowledge receipt of your request that I waive service of summons in the action of RENESAS TECHNOLOGY CORP. v. SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., which is case number 07-53-JJF in the United States District Court for the District of Delaware.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in the lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 9, 2007 or within 90 days after that date if the request was sent outside the United States.

2/12/07
(Date)

*Bryan Hopkins*
(Signature)

Printed/Typed Name: *Bryan Hopkins*

As   *GC & VP*
(Title)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sing and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lack jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. IF the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2007, I caused to be served a copy of **Plaintiff's Notice of Waiver of Service of Summons** upon the following non-registered participant by overnight mail:

> Bryan Hopkins
> Vice President, General Counsel
> Samsung Electronics America, Inc.
> 105 Challenger Road
> Ridgefield Park, NJ 07660

*/s/ John M. Seaman*
John M. Seaman (#3868)

{BMF-W0043894.}